UNITED STATES COURT OF INTERNATIONAL TRADE

---

CP KELCO U.S., INC.,

           PLAINTIFF,

v.

UNITED STATES,

           DEFENDANT.

---

Court No. 24-CV-00059

# COMPLAINT

CP Kelco U.S., Inc. ("CP Kelco" or "Plaintiff"), by and through its attorneys, brings this civil action, alleging the following:

## PARTIES

1. Plaintiff is a U.S. domestic producer of xanthan gum and is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and as defined in 19 C.F.R. § 351.102(b)(29)(i) and (ii).

2. Defendant is the United States of America, acting by and through the United States Department of Commerce ("Commerce").

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

3. Plaintiff brings this action to contest certain aspects of the final results issued by Commerce in the ninth administrative review of the antidumping duty order on *Xanthan Gum from China*. Commerce's final results were published in the *Federal Register* on February 6, 2024. *See Xanthan Gum From the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Partial Rescission of the Antidumping Duty Administrative Review, and Final Determination of No Shipments; 2021-2022,* 89 Fed. Reg. 8,165 (Feb. 6, 2024) ("*Final

*Results*"), and accompanying Issues and Decision Memorandum dated January 30, 2024 ("*Final IDM*").

## JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930 ("Act"), as amended, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii).

## STANDING

5. Plaintiff is a U.S. domestic producer of xanthan gum and is an interested party within meaning of 19 U.S.C. § 1677(9)(A) and as defined in 19 C.F.R. § 351.102(b)(29)(i) and (ii). Plaintiff participated in the administrative review resulting in the contested *Final Results*. Therefore, Plaintiff has standing to commence this action pursuant to Section 516A(d) of the Act, 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THE ACTION

6. On February 6, 2024, Commerce published in the Federal Register the *Final Results* of the contested review. Plaintiff timely filed a Summons with this Court commencing this action on March 7, 2023 which was within thirty days of publication of the contested *Final Results*. This Complaint is being filed within 30 days thereafter. Therefore, this action is timely pursuant to Section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2), and pursuant to Rules 3(b)(2) and 6(a) of this Court.

## SUMMARY OF ADMINISTRATIVE PROCEEDING

7. On July 19, 2013, Commerce published an antidumping duty order on xanthan gum from China. *See Xanthan Gum from the People's Republic of China: Amended Final Determination of*

*Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 43,143 (July 19, 2013).

8. On July 1, 2022, Commerce published notice that interested parties could request an administrative review of the antidumping order on *Xanthan Gum from China* for the period July 1, 2021 to June 30, 2022. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry List*, 87 Fed. Reg. 39,461 (July 1, 2022). On July 29, 2022, SAM HPRP Chemicals, Inc. d/b/a SAM Nutrition ("SAM") claimed standing as a "domestic interested party" pursuant to 19 U.S.C. § 1677(9)(C) as a "wholesaler in the United States of domestic like product" and requested review of, among others, CP Kelco (Shandong) Biological Company Limited ("CP Kelco (Shandong)"). *See* Letter from Wiley Rein LLP to Hon. Gina M. Raimondo, Re: Xanthan Gum from the People's Republic of China: Request for Administrative Review (July 29, 2022). Commerce accordingly initiated the administrative review of CP Kelco (Shandong), among others, on September 6, 2022. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 54,463 (September 6, 2022).

9. On December 7, 2022, Petitioner CP Kelco challenged SAM's standing under 19 U.S.C. § 1677(9)(C) and 19 C.F.R. § 351.102(b)(29). Letter from Greenberg Traurig to Hon. Gina Raimondo, Re: Xanthan Gum from the People's Republic of China: Allegation Challenging Standing of SAM HPRP Chemicals, Beijing Rodia, and Zamp Inc. Under 19 U.S.C. § 1677(9)(C)(Dec. 7, 2022). In its submission, CP Kelco requested that Commerce issue a questionnaire to SAM requesting substantial evidence to support its claim of standing as a wholesaler in the United States of domestic like product. On May 30, 2023, Commerce issued a truncated version of the questionnaire suggested by CP Kelco requesting commercial

documentation from SAM to substantiate the existence of a sale of domestic like product. *See* Letter from Stephen Baily, Program Manager, AD/CVD Operation, Office IV, Enforcement and Compliance to Wiley Rein LLP, Re: Ninth Administrative Review of the Antidumping Order on Xanthan Gum from the People's Republic of China: SAM Nutrition Supplemental Questionnaire (May 30, 2023). In response, and throughout the administrative review, SAM made a number of submissions providing Commerce with limited information with respect to its purchasing and sales activities.

10. Commerce issued its preliminary results on August 3, 2023, *See Xanthan Gum from the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review, Partial Rescission of the Antidumping Duty Administrative Review, and Preliminary Determination of No Shipments; 2021–2022*, 88 Fed. Reg. 51,286 (Aug. 3, 2023)("*Preliminary Results*") and accompanying Issues and Decision Memorandum ("*PDM*"). In the *Preliminary Results*, Commerce applied an incomplete analysis to determine whether SAM met the requirements of 19 U.S.C. § 1677(9)(C). Instead of determining if SAM was a "wholesaler … of domestic like product" during the applicable period of review, Commerce determined SAM was a "…purchaser of domestically-produced xanthan gum." *See PDM* at p. 5 ("For purposes of these preliminary results, given SAM's documentation providing evidence as a purchaser of domestically-produced xanthan gum, Commerce finds no record evidence to deny SAM's standing as an interested party. SAM has provided sufficient evidence of at least one domestic purchase from an American xanthan gum producer between its March 31, and June 13, 2023, submissions").

11. On September 11, 2023, Petitioner timely submitted its case brief, in which it argued that Commerce should complete its interested party analysis as to whether SAM was not just a

*purchaser* of domestic like product, but a *wholesaler* of domestic like product during the POR, and that the totality of record evidence shows that SAM does not qualify as a "wholesaler…of domestic like product" under 19 U.S.C. § 1677(9)(C) because SAM failed to provide substantial record evidence that it *either* purchased *or* sold domestically produced xanthan gum during the period of review. Letter from Greenberg Traurig to Hon. Gina Raimondo, Re: Xanthan Gum from the People's Republic of China: Petitioner's Case Brief (Sept. 11, 2023)("*CP Kelco Case Brief*").

    12. On February 6, 2024, Commerce published the *Final Results*. Commerce continued to adopt an arbitrary definition of "wholesaler" and continued to ignore the statutory requirement that its finding that SAM was an interested party be based on substantial record evidence. The governing statute provides that the only type of "wholesaler" with a statutory right to request the administrative review of individual exporters or producers as an "interested party" is a "wholesaler in the United States *of domestic like product*." 19 U.S.C. § 1677(9)(C)(emphasis added). Yet in the *Final Results* Commerce claimed, "we disagree with the petitioner that a wholesaler must buy and sell domestic like product that is produced domestically to have standing in an administrative review." *Final IDM* at p. 40. CP Kelco argued that for a party to qualify as a "wholesaler" under 19 U.S.C. § 1677(9)(C) it needs to have actually *made a sale* during the period of review. *CP Kelco Case Brief* at p. 2-4. Yet Commerce determined that the term "'wholesaler' is not defined in the statute or regulations, and petitioner has failed to demonstrate that the statute requires this additional qualification of wholesaling activity" and that "there is no rule that the standing of domestic parties is contingent on sales within the POR." *Final IDM at 40-41.* Finally, CP Kelco provided a detailed analysis showing why substantial record evidence did not support a factual finding that SAM had made a sale of domestic like

product during the period of review. *CP Kelco Case Brief* at p. 5-18. Commerce nevertheless determined that SAM had standing as a "wholesaler" under 19 U.S.C. § 1677(9)(C). *Final IDM at 41*.

## STATEMENT OF CLAIMS

### COUNT ONE

13. The allegations of paragraphs 1-12 are incorporated herein by reference.

14. Commerce's determination that "domestic like product" under 19 U.S.C. § 1677(9)(C) need not be "domestically produced" product is not in accordance with law.

### COUNT TWO

15. The allegations of paragraphs 1-12 are incorporated herein by reference.

16. Commerce's decision to adopt a definition of "wholesaler" under 19 U.S.C. § 1677(9)(C) that does not require the existence of a sale of domestic like product is not in accordance with law.

### COUNT THREE

17. The allegations of paragraphs 1-12 are incorporated herein by reference.

18. Commerce's decision that for a party to have standing as a "wholesaler in the United States of domestic like product" pursuant to 19 U.S.C. § 1677(9)(C) it need not have made any sales of domestic like product during the period of review is not in accordance with law.

### COUNT FOUR

19. The allegations of paragraphs 1-12 are incorporated herein by reference.

20. Commerce's decision that SAM made a sale of domestic like product during the period of review is unsupported by substantial evidence.

## COUNT FIVE

21. The allegations of paragraphs 1-12 are incorporated herein by reference.

22. Commerce's decision that SAM had standing as a "wholesaler in the United States of domestic like product" pursuant to 19 U.S.C. § 1677(9)(C) is unsupported by substantial evidence and otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

23. WHEREFORE, Plaintiff respectfully requests this Court:

24. Hold that Commerce's finals results were not supported by substantial evidence or otherwise in accordance with law as discussed above.

25. Remand this matter to Commerce for disposition consistent with the final opinion and holding of this Court;

26. Grant such further and additional relief as this Court may deem just and proper.

Dated:  April 8, 2024                                Respectfully submitted,

/s/ Matthew L. Kanna

Matthew L. Kanna
Friederike S. Görgens

Greenberg Traurig, LLP
2101 L Street NW, Suite 1000
Washington, D.C. 20037

*Counsel to C.P. Kelco, U.S.*